**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
|  | ) Civil No. 2007-116 |
| v. | )<br>) |
| ROBERT LOUIS DYSART, | )<br>) |
| Defendants. | )<br>) |

**ATTORNEYS:**

**John E. Meagher, Esq.**
Miami, FL
    *For Metropolitan Life Insurance Company,*

**Michael E. Fitzsimmons, Esq.**
St. Thomas, U.S.V.I.
    *For Robert Louis Dysart.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of the defendant Robert L. Dysart ("Dysart") to transfer this matter to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court will deny the motion.

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 2

## I. FACTS

In 1990, Dysart obtained a disability insurance policy from Lincoln National Life Insurance Company ("Lincoln"). At the time he obtained the insurance, Dysart was a senior partner at a "boutique" insurance and tort litigation firm in Phoenix, Arizona.

In 1997, Dysart filed a claim for total disability based on bipolar disorder, alcoholism, and depression. After conducting an investigation, Lincoln began paying total disability benefits to Dysart in the summer of 1997.

In June, 1998, Dysart relocated to St. John, U.S. Virgin Islands.

In 1999, Metropolitan Life Insurance Company ("MetLife") took over administration of Dysart's total disability claim from Lincoln.

On September 11, 2007, MetLife commenced the above-captioned action against Dysart. MetLife alleges that, although Dysart has been receiving total disability benefits for over ten years, "[i]nformation obtained by MetLife during the course of evaluating Dysart's claim for total disability benefits establishes that he is not totally disabled as defined by the Policy or otherwise entitled to benefits under the Policy."

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 3

(Compl. 4, ¶ 19, Sept. 11, 2007.)  Count One seeks a declaration from the Court that "that Dysart is not entitled to any total disability benefits under the Policy, returning to MetLife any and all benefits paid to Dysart for [the] period when he was not totally disabled under the terms of the Policy . . . ." (*Id.* at 4.)  Count Two alleges that Dysart has been and will continue to be "unjustly enriched by the receipt of disability benefits from Lincoln and MetLife resulting from Dysart's claim of disability to which Dysart is not entitled, as he fails to satisfy the applicable terms and conditions of the Policy." (*Id.* at 5, ¶ 23.)  As such, Count Two seeks a "judgment against Dysart equal to the amount by which Dysart has been unjustly enriched, plus prejudgment interest . . . ." (*Id.* at 5.)  Count Three of MetLife's complaint requests "restitution of all monies paid to Dysart to date for [the] period when Dysart was not totally disabled under the terms of the Policy." (*Id.* at 6, ¶ 28.)

  Thereafter, Dysart filed the instant motion to transfer this matter to the United States District Court for the District of Arizona.

  On August 1, 2008, Dysart filed a supplement to his motion to transfer, which stated that Dysart was planning to move back to Arizona.  On September 11, 2008, Dysart filed a notice informing the Court that he had in fact permanently relocated to

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 4

Arizona.

As of the date of this Order, Dysart continues to receive total disability payments from MetLife, currently in the amount of $11,250 per month.

## II. ANALYSIS

Dysart admits that venue is proper in this Court based on his residency in St. John at the time the suit was commenced. However, Dysart claims that this matter should nonetheless be transferred to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, as a threshold matter, "the Court must first determine whether the transferee venue is one in which the case might have been brought." *Kressen v. Federal Ins. Co.,* 122 F. Supp. 2d 582, 588 (D.V.I. 2000); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In making this determination, the Court looks to 28 U.S.C. § 1391(a). *See id.*

Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 5

> provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Federal jurisdiction over this matter is founded solely on diversity of citizenship. Thus, in making the threshold inquiry of whether the above-captioned action could have been brought in Arizona, this Court looks to the factors set forth in Section 1391(a). *See Kressen,* 122 F. Supp. 2d at 588. In light of Section 1391(a)(1), the Court notes that at the time the complaint was filed, Dysart – the sole defendant – resided in St. John, U.S. Virgin Islands. Venue is therefore appropriate in the Virgin Islands. *See Lee v. Hunt,* 410 F. Supp. 329, 332 (M.D. La. 1976) ("Residence (domicile) under Title 28, United States Code, Section 1391(a) must be determined as of the time of the commencement of the action." (citing *Lipp v. Jansen,* 198 F. Supp. 195, 196 (E.D. Pa. 1961)). Nevertheless, Dysart argues that venue is also appropriate in Arizona under Section 1391(a)(2) because a substantial part of the events giving rise to this suit occurred in Arizona.

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 6

To qualify as "substantial" under Section 1391(a)(2), the acts or omissions in question must be more than tangentially related. *See Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) ("Events or omissions that might only have some tangential connection with the dispute in litigation are not enough.")  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id*.  Indeed, "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim' . . . ." *Id.*

With respect to Section 1391(a)(2), the parties agree that Dysart applied for, negotiated and obtained the disability insurance policy in Arizona.  It is also undisputed that Dysart first claimed disability benefits in Arizona, that the initial investigation into Dysart's disability claim took place in Arizona, and that he continues to receive such benefits *via* electronic transfer into an Arizona bank account.  The record reveals that Dysart has remained under the care of his primary physician, Dr. Mark Wellek, who is located in Arizona.[1]  Based on

---

[1]  In support of the instant motion to transfer venue, Dysart has submitted an affidavit, in which he states: "Since becoming disabled, I have remained under the continuing care of

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 7

the foregoing, it is clear that Arizona is not a remote district having no real relationship to the dispute. Rather, a sufficiently substantial part of the events giving rise to this action occurred in Arizona to render venue proper in Arizona under Section 1391(a)(2). *Cf. Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.*, 519 F. Supp. 2d 1195, 1206 (M.D. Fla. 2007) (holding that, while venue of an action seeking recovery under a disability insurance policy was appropriate in Florida,

---

my primary treating physician, Dr. Mark Wellek, who is located in Phoenix, Arizona." (Ex. A to Mot. to Transfer Venue, Dysart Aff. 2, ¶ 14, Nov. 2, 2007.) In an attempt to dispute this fact, MetLife asserts that Dr. Iris Kern, a social worker who resides in the U.S. Virgin Islands, was Dysart's "'attending physician' who provide[d] more frequent and regular care to Dysart." (Opp'n to Mot. to Transfer Venue 5, Nov. 26, 2007.) However, MetLife has provided no evidentiary support for its proposition regarding Dr. Kern. Additionally, Dysart filed a second affidavit, stating:

> Dr. Kern . . . was not my attending physician . . . .
>
> Dr. Kern never treated me relative to my medical condition or disability. Dr. Kern provided counseling to me . . . concerning marriage, separation, and family issues. I have not seen Dr. Kern since the stress related to my divorce ended in 2004.

(Ex. B to Reply to Opp'n to Mot. to Transfer Venue, Dysart Aff. 2, ¶¶ 8-9, Dec. 7, 2007.) Dysart also submitted the affidavit of Dr. Wellek, in which Dr. Wellek states: "I began seeing Robert L. Dysart as a patient in May 1997. I began treating Mr. Dysart at that time and continue to be his treating physician today." (Ex. C to Reply to Opp'n to Mot. to Transfer Venue, Wellek Aff. 1, ¶ 4, Dec. 7, 2007.)

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 8

the action also could have been properly brought in Connecticut because a substantial part of the conduct related to the action occurred in Connecticut, including: the presentation, execution, and performance of the policy; the investigation of the claim; and the insured's receipt of medical care to correct the disability).

In determining whether it is appropriate to transfer venue to a district where the suit might have been brought under Section 1404(a), the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 298 n.5 (3d Cir. 2001) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit listed certain private and public interest facts that may be relevant to the determination of whether or not to transfer venue pursuant to Section 1404(a). *Id.* at 879-80.  The private interest factors include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 9

condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 779 (internal citations omitted). The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; (6) "the familiarity of the trial judge with the applicable state law in diversity cases;" and (7) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 779-80 (internal citations omitted); *see also Lony v. E.I. Du Pont de Nemours & Co.,* 886 F.2d 628, 640 (3d Cir. 1989).

"The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, 2008 WL 3914135 at *3 (D.V.I. 2008). "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 10

of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations and quotations omitted).

**A.    Private Interest Factors**

Here, MetLife's choice to sue Dysart in the Virgin Islands is entitled to deference. *See id.* at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." (quotation omitted)).  That choice, however, is "neither dispositive of the transfer analysis nor is it the only factor to be considered." *Am. Tel. & Tel. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1306 (D.N.J. 1990).

Dysart asserts a strong preference to litigate this case in the District of Arizona, rather than in the District of the Virgin Islands.  Dysart appears to argue that the claims at the heart of this action arose in Arizona, since that is where he first became disabled.  However, MetLife points out in its opposition to Dysart's motion to transfer that this action

> relates to whether or not Dysart's claims of disability are valid based on his health condition since moving to the Virgin Islands.  This lawsuit does not involve the execution of the insurance agreement or the validity of the insurance agreement.

(Opp'n to Mot. to Transfer Venue at 12.)  The Court agrees that MetLife's cause of action against Dysart arose in the Virgin

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 11

Islands, as a result of Dysart's claims of disability following his move to St. John in 1998. As such, Dysart's preference to litigate in Arizona is given little weight.

With respect to the convenience of the parties, the proper comparison in this case is the burden on Dysart of litigating in the Virgin Islands with the burden on MetLife of litigating in Arizona. Dysart argues that Arizona is the more convenient forum for him to litigate this matter because he has recently relocated to Arizona. However, any prejudice to Dysart caused by having to travel from his place of residence in Arizona to the Virgin Islands to litigate this matter is diminished by the fact that Dysart voluntarily chose to relocate to Arizona after this action had been commenced against him in this Court.

Dysart also contends that Arizona is a more convenient forum than the Virgin Islands for MetLife to litigate this matter. MetLife is a New York company, whose principal place of business is in New York. As MetLife explains in its opposition to the motion to transfer, "MetLife has no offices or employees in Arizona that have anything to do with [Dysart's] claim . . . ." (*Id.* at 13.) The Court is unaware of any reason why it would be more convenient for MetLife to litigate this matter in Arizona rather than in the Virgin Islands. Moreover, it seems illogical to give much weight to Dysart's claim that MetLife will be

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 12

inconvenienced by litigating this matter in the Virgin Islands when MetLife sees no such burden.

As this Court has previously explained, "[t]he convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Kendricks*, 2008 WL 3914135 at *5 (quotation omitted).

> The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.
>
> . . .
>
> Additionally, the moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction. Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process. When the appearance of witnesses can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to the action, this factor becomes less important.

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 719 (E.D. Va. 2005) (internal citations and quotations omitted). Although Dysart complains of inconvenience to witnesses if this matter is litigated in the Virgin Islands, he has failed to provide sufficient details with respect to such witnesses and their potential testimony to enable the Court to assess the materiality of the witness' testimony or the degree of

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 13

inconvenience such witnesses would experience.[2] Indeed, because this case addresses whether Dysart was disabled during the decade in which he lived in the Virgin Islands, the Court agrees with MetLife that "the witnesses with the most personal knowledge concerning the facts and circumstances relevant to this lawsuit reside in the Virgin Islands." (Opp'n to Mot. to Transfer Venue at 15.)

Dysart also contends that the location of books and records favors transfer because most of his medical and occupational records are kept in Arizona. However, MetLife has indicated that its books and records relating to this lawsuit are located in Florida, where it has been administering Dysart's disability claims. There is nothing in the record to suggest that MetLife's books and records could not be copied and transferred to the Virgin Islands. Thus, the Court is unpersuaded that the location of books and records related to this case favors transfer to Arizona.

---

[2] Dysart's initial motion to transfer failed to identify any particular witnesses who would be inconvenienced by litigating this matter in the Virgin Islands. In his subsequent supplement to his motion to transfer, Dysart attached a witness list, but failed to provide any detail regarding which specific witnesses would be inconvenienced by traveling to the Virgin Islands, the materiality of such witness' potential testimony, or the extent of the claimed inconvenience.

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 14

**B.   Public Interest Factors**

The primary public interest factors are the choice of law to be applied and the relationship of the courts and jurors to the case. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (setting forth the relevant public interest factors). "In diversity cases, in which state or territorial law provides the substantive rules, there is an advantage in having it applied by federal judges who are familiar with the relevant law, and thus in trying the case in a district of the state or territory whose law is to govern." *Kendricks*, 2008 WL 3914135 at *6.

As this matter is presently in the District Court of the Virgin Islands, Virgin Islands choice of law principles will determine whether Arizona or Virgin Islands law applies in resolving MetLife's substantive claims. *See Klaxon Co v. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 496-97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (holding that federal courts are required to apply conflict of law principles of forum state in a diversity case). In the Virgin Islands, the Restatement of Law governs conflict of law principals. *See* V.I. CODE ANN. tit. 1, § 4 ("The rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.").

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 15

Section 188 of the Restatement (Second) of Conflict of Laws provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
>
> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>> (a) the place of contracting,
>>
>> (b) the place of negotiation of the contract,
>>
>> (c) the place of performance,
>>
>> (d) the location of the subject matter of the contract, and
>>
>> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 188.

The disability insurance policy in this case does not contain a forum selection clause.[3]  Therefore, the Court must

---

[3] Dysart points out that the disability insurance policy contained a provision stating that "[a]ny provision of this Policy which, on its Date of Issue, is in conflict with the laws of the state in which [Dysart] reside[d] on that date is amended to meet the minimum requirements of such laws." (Dysart's Disability Insurance Policy, Ex. A to MetLife's Compl. 9.)

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 16

determine whether the Virgin Islands or Arizona has a more significant relationship to the transaction and the parties in light of the contacts outlined in Section 188.

The place of contracting and negotiation of the disability insurance policy at issue in this matter was Arizona. However, those contacts are relatively unimportant in this case because MetLife does not dispute "the formation or validity of the policy, or whether Dysart was totally disabled under the terms of the policy when he made his claim in 1997, or moved to the Virgin Islands permanently in 1998." (Opp'n to Mot. to Transfer Venue at 1.) Rather, Dysart's cause of action involves whether Dysart continued to be disabled under the terms of the policy after he relocated to the Virgin Islands.

Dysart's disability insurance contract has been performed in both Arizona and the Virgin Islands. With respect to MetLife's claims against Dysart, however, the relevant place of performance

---

Dysart contends that this provision should be read as a choice of law provision in favor of Arizona law. However, in the Court's view, this "Conformity With State Statute" provision does not evidence an agreement by the parties that Arizona law should apply to any subsequent litigation. Accordingly, the Court will apply the test outlined in the Restatement (Second) of Conflict of Laws to determine which jurisdiction's laws apply, notwithstanding the existence of the "Conformity With State Statute" provision. *See, e.g., Gen. Am. Life Ins. Co. v. Ofner* 972 F.2d 1339 (9th Cir. 1992) (applying principals outlined in the Restatement (Second) of Conflict of Laws to conclude that Montana law applied, even though the insurance policy in question contained a provision deeming it to comply with Texas statutes).

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 17

as well as the location of the subject matter of the contract, is the Virgin Islands. Indeed, as MetLife has explained, it "is only disputing Dysart's disability and claims of disability which occurred after his move to the Virgin Islands . . . ." (*Id.* at 3.) Finally, while MetLife is neither a Virgin Islands nor an Arizona company, Dysart has lived in both jurisdictions. Although Dysart recently relocated to Arizona, he was a Virgin Islands resident at the time MetLife commenced this suit and during the time periods relevant to MetLife's claims. In light of the relative unimportance of the place of negotiation and contracting to MetLife's claims, the Court finds that the Section 188 factors favor application of Virgin Islands law to this case. Thus, the choice of law factor weighs against transferring this case to the District of Arizona.

In considering the local interests in adjudicating localized controversies, "[t]he Court must be aware of the local interests implicated by this lawsuit in the respective districts or, more specifically, in the communities in which they sit." *Kendricks*, 2008 WL 3914135 at *7. In this case, because the Virgin Islands is the locus of the majority of alleged culpable conduct, this territory has a strong public interest in adjudicating this dispute. *See, e.g., Ricoh Company, Ltd. v. Honeywell, Inc.,* 817 F. Supp. 473, 486 (D.N.J.1993) (finding that Minnesota had a

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 18

strong public interest in litigating a dispute because most of the culpable conduct relevant to the complaint occurred in Minnesota). Furthermore, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Ferens v. John Deere Co.*, 494 U.S. 516, 529-30, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). In light of the Virgin Islands' strong local interest in litigating this matter, the Court finds that the citizens of the Virgin Islands have a larger stake in the just and fair resolution of this case. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 792 (D.C. Cir. 1980) (explaining that jury duty should not be imposed, nor local dockets clogged by, cases with little relation to jurisdiction). These factors thus disfavor transfer.

In Dysart's view, the practical considerations and expenses of litigating this matter tilt toward litigating the case in Arizona. Dysart argues that transfer to Arizona is appropriate because he "has not found a Virgin Islands lawyer who claims to be familiar with Arizona disability insurance law or the doctrine of good faith and fair dealing as it is applied by Arizona courts." (Mot. to Transfer Venue at 5.) That argument

*Metropolitan Life Ins. Co. v. Dysart*
Civil No. 2007-116
Memorandum Opinion
Page 19

incorrectly assumes that Arizona law will apply in this case.[4] Dysart further asserts that "all of the local attorneys he has contacted charge hourly rates and require payment on a monthly basis. This is a major concern since Dysart has no employment income" (*Id.*) Dysart also states "has located an Arizona attorney who has evaluated his case and is willing to charge a fee after the case is successfully concluded." (*Id.*) The Court finds these arguments similarly unconvincing.

### III.  CONCLUSION

The Court acknowledges that some of the conduct leading up to MetLife's claims occurred in Arizona, and that Dysart recently moved to that state. On balance, however, the Court finds that both the private and public interest factors weigh against transferring this matter to the United States District Court for the District of Arizona. Accordingly, Dysart's motion to transfer this matter to Arizona will be denied. An appropriate Order follows.

S_____
       **CURTIS V. GÓMEZ**
          **Chief Judge**

---

[4] Dysart also overlooks the fact that attorneys frequently familiarize themselves with the laws of a foreign jurisdiction. He provides no reason why a local attorney would be unable to do so in this case, even if Arizona law were to apply.

**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** )<br>)<br>)<br>      Plaintiff,  )<br>) Civil No. 2007-116<br>      v.           )<br>)<br>**ROBERT LOUIS DYSART,**    )<br>)<br>      Defendants.   )<br>_____ ) | |

**ATTORNEYS:**

**John E. Meagher, Esq.**
Miami, FL
    *For Metropolitan Life Insurance Company,*

**Michael E. Fitzsimmons, Esq.**
St. Thomas, U.S.V.I.
    *For Robert Louis Dysart.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant Robert L. Dysart ("Dysart") to transfer this matter to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a). For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the motion to transfer venue is **DENIED.**

                                    S_____
                                       **CURTIS V. GÓMEZ**
                                         **Chief Judge**